**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| WILLIAM EDWARD HIGGINS,<br>Plaintiff,<br>v.<br>COMMISSIONER OF SOCIAL SECURITY,<br>Defendant. | No. 26-CV-13397-AK |

**ORDER**

**KELLEY, D.J.**

1. Plaintiff William Edward Higgins' Application to Proceed in District Court Without Prepaying Fees or Costs [Dkt. 2] is **GRANTED**.

2. The Clerk shall enter the Procedural Order for Social Security cases as well as a separate Electronic Order granting Higgins' motion for leave to file electronically *pro se*.

3. Plaintiff's Motion for Exemption from PACER user fees [Dkt. 4] is **GRANTED**, subject to the following order:

> Pursuant to the Judicial Conference's Electronic Public Access Fee Schedule, a district court may waive a litigant's PACER expenses if "an exemption is necessary in order to avoid unreasonable burdens and to promote public access to information." Electronic Public Access Fee Schedule, U.S. COURTS, https://www.uscourts.gov/services-forms/fees/electronic-public-access-fee-schedule (last visited Sep. 24, 2026). The exempted user "must agree not to sell the data obtained as a result, and must not transfer any data obtained as the result of a fee exemption, unless expressly authorized by the court." Id. In addition, "the exemption should be granted for a definite period of time, should be limited in scope, and may be revoked at the discretion of the court." Id.
>
> Acknowledging the warning in the Judicial Conference Policy Notes that "exemptions should be granted as the exception, not the rule," the Court finds that PACER fee waiver is warranted here. See id. PACER fees would pose an unreasonable burden to Higgins, who is granted leave to proceed *in forma pauperis*. Waiving PACER fees will also promote public access to information by enabling Higgins to electronically access information about his case and more easily stay informed of deadlines. "This Court encourages litigants to monitor their dockets in pending cases continually and to file

electronically, and thus it is in the public interest to permit [him] an opportunity to do so." Felix v. Donnelly, No. 12-CV-10997, 2012 WL 4936499, at *3 (D. Mass. Oct. 11, 2012).

Higgins shall accordingly be granted an exemption from PACER fees. The waiver is limited to this case only and will last for the duration of this civil action in this Court, after which his exemption will end. He must not sell or transfer any PACER data obtained as a result of this order without the Court's express authorization.

**SO ORDERED.**

Dated: September 24, 2026

/s/ Angel Kelley
Hon. Angel Kelley
United States District Judge